Bradbury *v.* Gilford.

---

## PAMELIA BRADBURY *versus* THOMAS GILFORD.

Where there has been no statutory assignment of a partition fence, between two adjoining lots of land owned by different parties, or between those from whom they respectively derive their title, each is bound to keep his cattle on his own land at his peril.

ON MOTION from *Nisi Prius*, DANFORTH, J., presiding.
TRESPASS *quare clausum fregit.*

The verdict was for the defendant, which the plaintiff moved to set aside as being manifestly against the weight of evidence.

The facts appear in the opinion.

Lynch *v.* Swanton.

*Howard & Cleaves & Chisholm*, for the plaintiff.

*Drew & Dennett*, for the defendant.

APPLETON, C. J.—This is not a writ of entry, but an action of trespass *quare clausum fregit* for trespasses committed by the cattle of the defendant upon the land of the plaintiff.

The evidence on each side clearly shows the commission of the trespasses, as set forth in the plaintiff's declaration, and on his land, whether the line claimed by the plaintiff or defendant be the true one.

There has been no statutory assignment of the partition fences between these parties or between those from whom they respectively derive their titles. The defendant was bound to keep his cattle on his own land at his peril. This he has failed to do. He is therefore liable in damages. *Sturtevant* v. *Merrill*, 33 Maine, 62 ; *Webber* v. *Closson*, 35 Maine, 26.

It is unnecessary, therefore, to consider whether the line claimed by the defendant be the true line or not, as, if it be, his cattle have trespassed by passing over it.

*Motion sustained.*
*New trial granted.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.